# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02278-RBJ

KEVIN HARTWELL,
BARBARA HARTWELL,

      Plaintiffs,

v.

CORRECTIONAL MEDICAL GROUP COMPANIES INC., d/b/a SOUTHWEST CORRECTIONAL MEDICAL GROUP, LLC, d/b/a SOUTHWEST CORRECTIONAL MEDICAL GROUP PLLC, d/b/a COLORADO CORRECTIONAL MEDICAL GROUP, PLLC,
DOUGLAS COUNTY,
SHERIFF TONY SPURLOCK, in his individual and official capacity,
CAPTAIN KEVIN DUFFY, in his individual and official capacity,
TIMOTHY G. MOSER, MD, in his individual and official capacity,
SOPHIA NIX, LPN, in her individual and official capacity,
DAISHA WADE, LPN, in her individual and official capacity,
STEPHANIE RUSSAK, RN, CHARGE NURSE, in her individual and official capacity,
JESSICA ISAACS, RN, in her individual and official capacity,
DEIMYS VIGIL, RN, in her individual and official capacity,

      Defendants.

---

## PROTECTIVE ORDER
---

Pursuant to the Joint Stipulated Motion for Protective Order filed by the parties, the Court hereby Orders as follows:

1. This Protective Order may apply to non-public documents, which include but are not limited to documents that could not be obtained pursuant to a Colorado Open Records Act (CORA) request, and which are disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided by

Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. One who discloses any nonpublic documents or information, and who in good faith believes such documents or information are protected by a statutory, regulatory, or common law right of privacy <u>due to containing confidential medical or criminal information, or posing a jail security threat if publicly disclosed</u> of the Plaintiffs or any of the Defendants may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) the parties and designated representatives of the Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses who execute the attached Exhibit A;

(h)     and other persons by written agreement of the parties who execute the attached Exhibit A.

5.      This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited.

6.      Counsel to the parties are required to advise, instruct and supervise all experts, associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion.  Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

7.      Documents may be designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof may be designated as Confidential and subject to this Protective Order.  Such designation shall be made on the record during the deposition

whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page, those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

9. Any party may object to the designation of particular documents or portions of depositions as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. The termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality

of Confidential Information pursuant to the Protective Order. The terms and conditions in this Protective Order survive the termination of this litigation.

11. A party contemplating filing Confidential Material protected by this Protective Order with the Court <u>shall either redact the confidential information or, if the information must be seen by the Court, shall request a narrow order restricting public access and showing good cause</u>.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

13. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper.

Dated this <u>3rd da</u>y of May, 2018.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
United States District Judge

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 1:17-cv-02278-RBJ

KEVIN HARTWELL,
BARBARA HARTWELL,

      Plaintiffs,

v.

CORRECTIONAL MEDICAL GROUP COMPANIES INC., d/b/a SOUTHWEST CORRECTIONAL MEDICAL GROUP, LLC, d/b/a SOUTHWEST CORRECTIONAL MEDICAL GROUP PLLC, d/b/a COLORADO CORRECTIONAL MEDICAL GROUP, PLLC,
DOUGLAS COUNTY,
SHERIFF TONY SPURLOCK, in his individual and official capacity,
CAPTAIN KEVIN DUFFY, in his individual and official capacity,
TIMOTHY G. MOSER, MD, in his individual and official capacity,
SOPHIA NIX, LPN, in her individual and official capacity,
DAISHA WADE, LPN, in her individual and official capacity,
STEPHANIE RUSSAK, RN, CHARGE NURSE, in her individual and official capacity,
JESSICA ISAACS, RN, in her individual and official capacity,
DEIMYS VIGIL, RN, in her individual and official capacity,

      Defendants.

**EXHIBIT A TO PROTECTIVE ORDER**

I, _____, the undersigned, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

My current address and telephone number is: _____

_____
_____

_____
Signature